**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MOHAMMAD RASOLI,

      Petitioner,

v.

MARKWAYNE MULLIN, Secretary of the
U.S. Department of Homeland Security;
TODD BLANCHE, Acting U.S. Attorney
General; DORA CASTRO, Warden of the
Otero County Processing Center; TODD
LYONS, Acting Director of U.S.
Immigration and Customs Enforcement; and
MARY DE ANDA-YBARRA, El Paso Field
Office Director, Enforcement and Removal
Operations, U.S. Immigration and Customs
Enforcement,

      Respondents.

Case No. 2:26-cv-01460-MIS-SCY

**<u>ORDER TO SHOW CAUSE, ENJOINING TRANSFER, AND DENYING EMERGENCY
MOTION FOR PRELIMINARY INJUNCTION</u>**

THIS MATTER is before the Court on Petitioner Mohammad Rasoli's Petition for Writ of

Habeas Corpus ("Petition"), ECF No. 1, filed May 7, 2026. He also filed an Emergency Motion

for Preliminary Injunction. ECF No. 2.

Petitioner is a citizen of Afghanistan who entered the United States on September 9, 2021,

at age 18, via the Operations Allies Refuge ("OAR") program. <u>Id.</u> ¶ 22. Petitioners' father was a

member of the National Strike Unit, a paramilitary organization operating with and trained by

American operatives in Afghanistan. <u>Id.</u> ¶ 23. On April 3, 2023, Petitioner applied for lawful

permanent residency as a derivative beneficiary of his father. <u>Id.</u> ¶ 24. That application remains

pending. <u>Id.</u> Petitioner's enrollment in the OAR program expired on September 8, 2025. <u>Id.</u> ¶

26. His legal status in the United States also expired on that date. <u>Id.</u>

On November 12, 2025, Petitioner was convicted of Racing on the Highway – Street Takeover. Id. ¶ 27.

On November 28, 2025, Petitioner was detained by U.S. Immigration and Customs Enforcement without warning. Id. ¶ 28. ICE charged Petitioner with removability under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as an alien present in the United States without proper immigration documentation. Id. ¶ 31.

On March 18, 2026, an Immigration Judge granted Petitioner's application for asylum. Id. ¶ 29. The Department of Homeland Security has appealed that decision; the appeal remains pending. Id.

On March 31, 2026, Petitioner formally asked to be released from ICE custody but has not received a response. Id. ¶ 30. He is currently detained at the Otero County Processing Center in Chaparral, New Mexico. Id. ¶ 31.

On May 7, 2026, Petitioner filed the instant Petition seeking immediate release or, in the alternative, a bond hearing. Id. at 21.

The record reflects that the Clerk's Office served Respondents with the Petition on May 7, 2026, pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 3.

**IT IS HEREBY ORDERED** that within **ten (10) business days**, the United States Attorney's Office for the District of New Mexico shall respond to the Petition and **SHOW CAUSE** why the requested relief should not be granted. Respondents are reminded that this Court has already decided the issues presented by the Petition and granted the relief Petitioner requests here. See, e.g., Pinto Hidalgo v. Bondi, Case No. 2:26-cv-00340-MIS-JMR, 2026 WL 522651 (D.N.M.

2

Feb. 25, 2026) (ordering immediate release); Sigcho v. Castro, Case No. 2:26-cv-00137-MIS-JFR, 2026 WL 482232 (D.N.M. Feb. 20, 2026) (same); Singh v. Noem, Case No. 1:25-cv-01266-MIS-KRS, 2026 WL 242249 (D.N.M. Jan. 29, 2026) (same); Duhan v. Noem, Case No. 2:26-cv-00019-MIS-JFR, 2026 WL 266619 (D.N.M. Feb. 2, 2026) (same); Intriago-Sedgwick v. Noem, No. 1:25-cv-01065-MIS-LF, 2025 WL 3688155 (D.N.M. Dec. 19, 2025), report and recommendation adopted No. 1:25-cv-01065-MIS-LF, ECF No. 27 (D.N.M. Jan. 6, 2026) (same); see also Lopez-Romero v. Lyons, 2:25-cv-01113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026) (ordering a bond hearing); Order Granting Petition for Writ of Habeas Corpus, Zhao v. Castro, Case No. 2:26-cv-00079-MIS-JMR (D.N.M. Jan. 20, 2026) (same).  In making these rulings, the Court has joined the overwhelming majority of courts that have considered this issue and concluded that 8 U.S.C. § 1226(a) governs the detention of noncitizens who have been residing in the United States after their entry, rather than the mandatory detention provisions of § 1225(b)(2). See, e.g., Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1061 (7th Cir. 2025) (concluding that § 1226(a) applied to noncitizens already present in the country who were not admitted); Barco Mercado v. Francis, 811 F. Supp. 3d 487,494 n.22 (S.D.N.Y. Nov. 26, 2025) (noting the interpretation that § 1225 requires mandatory detention of all noncitizens living in the United States was rejected in over 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases in an Appendix A); Ochoa Ochoa v. Noem, No. 25-cv-10865, 2025 WL 2938779, at *5 & n.8 (N.D. Ill. Oct. 16, 2025) (collecting cases).  Any response filed by Respondents must therefore demonstrate that the facts of this case warrant a departure from the Court's prior rulings. **If the federal Respondents fail to timely comply with this Order, the Court may grant the relief requested in the Petition without further notice.**

3

If Petitioner wishes to file a reply brief, he may do so within **ten (10) days** after Respondents' response is filed.

It is **FURTHER ORDERED** that to preserve the status quo in the interim, Respondents are **ENJOINED** from transferring Petitioner to any facility outside the District of New Mexico.

It is **FURTHER ORDERED** that the Emergency Motion for Preliminary Injunction is **DENIED** as it requests the same relief as the Petition, and this Court rules on such Petitions quickly.  If for some reason Petitioner's Petition cannot be ruled upon quickly, the Court will sua sponte reinstate the Emergency Motion for Preliminary Injunction.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE