**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MOHAMMAD RASOLI,

      Petitioner,

v.

                                          Case No. 2:26-cv-01460-MIS-SCY

MARKWAYNE MULLIN, Secretary of the
U.S. Department of Homeland Security;
TODD BLANCHE, Acting U.S. Attorney
General; DORA CASTRO, Warden of the
Otero County Processing Center; TODD
LYONS, Acting Director of U.S.
Immigration and Customs Enforcement; and
MARY DE ANDA-YBARRA, El Paso Field
Office Director, Enforcement and Removal
Operations, U.S. Immigration and Customs
Enforcement,

      Respondents.

## ORDER FOR SUPPLEMENTAL BRIEFING

THIS MATTER is before the Court on a sua sponte review of the record. On May 7, 2026, Petitioner Mohammad Rasoli filed a Petition for Writ of Habeas Corpus ("Petition"). ECF No. 1. On May 26, 2026, the federal Respondents filed a Response.[1] ECF No. 7.

The record reveals that Petitioner has been in federal custody since November 29, 2026—a period of six months. See Warrant for Arrest of Alien, ECF No. 7-2. Assuming, without deciding, that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b), Petitioner may be entitled to habeas relief under this Court's reasoning in Mardanpour v. Warden, Case No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026). See also Harutyunyan v. Lyons,

---

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 3. However, as has become customary in these cases, the Warden did not respond to the Petition.

Case No. 2:26-cv-01020-MIS-GBW, 2026 WL 1078958, at *1-2 (D.N.M. Apr. 21, 2026); Ahmadi v. De Anda-Ybarra, Case No. 1:26-cv-00897-MIS-DLM, 2026 WL 1121981, at *3 (D.N.M. Apr. 24, 2026). Specifically, Petitioner's indefinite, prolonged detention may violate his substantive due process rights under the Fifth Amendment. See Mardanpour, 2026 WL 963164, at *8.

Because the Petition was filed before Petitioner's federal detention reached the presumptively reasonable six-month threshold, see Zadvydas v. Davis, 533 U.S. 678, 701 (2001), this issue was not properly addressed in the Petition or Response. Therefore, the Court **HEREBY ORDERS** that Petitioner shall have until and including June 3, 2026, to file a Reply that addresses whether Petitioner is entitled to habeas relief under this Court's reasoning in Mardanpour, 2026 WL 963164, at *3-8. Respondents may file a sur-response within seven days of Petitioner's reply.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

2