**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MOHAMMAD RASOLI,

      Petitioner,

v.

MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security; TODD BLANCHE, Acting U.S. Attorney General; DORA CASTRO, Warden of the Otero County Processing Center; TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement; and MARY DE ANDA-YBARRA, El Paso Field Office Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement,

      Respondents.

Case No. 2:26-cv-01460-MIS-SCY

## <u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>

THIS MATTER is before the Court on Petitioner Mohammad Rasoli's Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed May 7, 2026.  On May 26, 2026, the federal Respondents filed a Response.[1]  ECF No. 7.  On May 29, 2026, the Court ordered supplemental briefing.  ECF No. 8.  On June 1, 2026, Petitioner filed a Reply, ECF No. 9, and on June 8, 2026, Respondents filed a Sur-Response, ECF No. 10.  Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition.

## I.    Background

Petitioner is a citizen of Afghanistan who was paroled into the United States on September 9, 2021, at age 18, via the Operations Allies Refuge ("OAR") program.  Pet. ¶ 22; Notice to Appear

---

[1]    The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026).  ECF No. 3.  However, as has become customary in these cases, the Warden did not respond to the Petition.

at 1, ECF No. 7-3. Petitioners' father was a member of the National Strike Unit, a paramilitary organization operating with and trained by American operatives in Afghanistan. Pet. ¶ 23. On April 3, 2023, Petitioner applied for lawful permanent residency as a derivative beneficiary of his father. Id. ¶ 24. That application remains pending. Id. Petitioner's enrollment in the OAR program expired on September 8, 2025; his legal status in the United States also expired on that date. Id. ¶ 26.

On November 12, 2025, Petitioner was convicted in Florida of Crash – Leaving the Scene with Serious Bodily Harm, and sentenced to 178 days incarceration. Form I-213 Narrative at 3, ECF No. 7-1.

On November 29, 2025, the Department of Homeland Security ("DHS") served a Warrant for Arrest of Alien on Petitioner. ECF No. 7-2.

On January 22, 2026, DHS served Petitioner with a Notice to Appear for immigration proceedings, charging him with removability as "an arriving alien" with no valid entry document. ECF No. 7-3 at 1, 4.

On March 18, 2026, an Immigration Judge found Petitioner to be inadmissible under Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"), but granted Petitioner's application for asylum. ECF No. 7-4 at 1. Because the Immigration Judge granted Petitioner asylum, he did not adjudicate Petitioner's separate application for withholding of removal under the Convention Against Torture ("CAT"). Id. at 4. Respondents have appealed the Immigration Judge's Order. ECF No. 7-5.

On May 7, 2026, Petitioner filed the instant Petition arguing that his detention is governed by 8 U.S.C. § 1226(a) and, consequently, he is eligible for release on bond. ECF No. 1 ¶ 66.

On May 26, 2026, the federal Respondents filed a Response to the Petition arguing that "[t]his Court has already held that an alien whose parole has properly ended is detained under 8 U.S.C. § 1225." ECF No. 7 at 6 (citing Fuenmayor v. Mullin, __ F. Supp. 3d __, 2026 WL 963297, at *2-5 (D.N.M. Apr. 9, 2026)).

On May 29, 2026, the Court issued an Order for Supplemental Briefing. ECF No. 8. Therein, the Court observed that Petitioner had been in immigration detention for a period of six months and, as such, even assuming Petitioner was subject to mandatory detention under Section 1225(b), "Petitioner may be entitled to habeas relief under this Court's reasoning in Mardanpour v. Warden, Case No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026)." Id. at 1 (citing Harutyunyan v. Lyons, Case No. 2:26-cv-01020-MIS-GBW, 2026 WL 1078958, at *1-2 (D.N.M. Apr. 21, 2026); Ahmadi v. De Anda-Ybarra, Case No. 1:26-cv-00897-MIS-DLM, 2026 WL 1121981, at *3 (D.N.M. Apr. 24, 2026)). The Court specified that "Petitioner's indefinite, prolonged detention may violate his substantive due process rights under the Fifth Amendment." Id. at 2 (citing Mardanpour, 2026 WL 963164, at *8). Because the Petition was filed before Petitioner's federal detention reached the six-month threshold, the Court provided Petitioner an opportunity to address Mardanpour in his Reply brief, and provided Respondents an opportunity to address the issue in a sur-response. Id.

On June 1, 2026, Petitioner filed a Reply arguing that "[t]he reasoning in Mardanpour . . . mandates his immediate release." ECF No. 9 at 2.

On June 8, 2026, Respondents filed a Sur-Response arguing that Mardanpour is distinguishable and Petitioner has not shown that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. ECF No. 10 at 1-3.

## II.      Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus.  Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)).  "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III.      Discussion

Petitioner argues that his detention is governed by 8 U.S.C. § 1226(a), and his detention without an individualized custody determination violates the Immigration and Nationality Act ("INA"); 8 C.F.R. §§ 1236.1 and 1003.19; and the Fifth Amendment's Due Process Clause.  Pet. ¶¶ 65-76.  He requests a writ of habeas corpus ordering his immediate release or, alternatively, a constitutionally-adequate bond hearing. Id. at 21.

Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) because his parole expired before he was taken into federal custody.  Resp. at 6.  They argue that the facts of this case are similar to those in Fuenmayor, 2026 WL 963297, at *2-5, where this Court found that when a noncitizen's parole is lawfully terminated, he returns to the status of an alien at the border prior to entry and is subject to mandatory detention under 8 U.S.C. § 1225,

4

and is not entitled to a bond hearing.  Id.  They further argue that although an Immigration Judge granted Petitioner's asylum application, that order is not yet final because Respondents timely appealed the order.  Id. at 6-7.  Finally, they argue that Petitioner is not prejudiced by the length of his detention, as the initial brief in the appeal of the Immigration Judge's order is due June 8, 2026, and "[i]t is unlikely that the Board of Immigration Appeals would request the filings to be due within a reasonable time of the appeal but let Petitioner languish in detention for years before they review his case."  Id. at 6-7.

In his Reply, Petitioner argues that "even assuming, arguendo, Petitioner is subject to mandatory detention, his detention cannot be prolonged and potentially indefinite without running afoul of his right to Due Process. The reasoning in Mardanpour thus mandates his immediate release."  ECF No. 9 at 2.

In their Sur-Response, Respondents argue that Mardanpour is distinguishable because Petitioner was granted asylum and not withholding of removal under CAT, and has only been detained for slightly over six months, not fifteen months.  ECF No. 10 at 1-2.  They further argue that Petitioner has not shown that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.  Id. at 3.

The Court finds that this case is materially analogous to this Court's decision in Mardanpour, 2026 WL 963164, at *3-8, and adopts the analysis contained therein.  Initially, the Court will assume, without deciding, that because Petitioner's parole has expired, he is properly classified as an "arriving alien" subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  See Fuenmayor, 2026 WL 963297, at *5.  However, for the reasons explained in Mardanpour, 2026 WL 963164, at *6-8, even "arriving aliens" subject to mandatory detention under Section 1225(b)(2) may not be "punished" without being accorded the substantive and procedural due

process guarantees of the Fifth Amendment, <u>Rodriguez-Fernandez v. Wilkinson</u>, 654 F.2d 1382, 1387 (10th Cir. 1981)); under the circumstances of this case, Petitioner's indefinite, ongoing detention of more than six months, with no reasonably foreseeable end in sight, is constitutionally excessive in relation to the Government's legitimate, nonpunitive purpose of facilitating removal; and, therefore, Petitioner's detention is punitive and a violation of his Fifth Amendment substantive due process rights, <u>id.</u>; <u>see also</u> <u>Zadvydas v. Davis</u>,  533 U.S. 678, 699-701 (2001); <u>Rosales-Garcia v. Holland</u>, 322 F.3d 386, 411-13 (6th Cir. 2003); <u>Mardanpour</u>, 2026 WL 963164, at *3-8; <u>Ahmadi v. De Anda-Ybarra</u>, Case No. 1:26-cv-00897-MIS-DLM, 2026 WL 1121981, at *3 (D.N.M. Apr. 24, 2026); <u>Harutyunyan v. Lyons</u>, Case No. 2:26-cv-01020-MIS-GBW, 2026 WL 1078958, at *1 (D.N.M. Apr. 21, 2026).

The Court rejects Respondents' attempt to distinguish <u>Mardanpour</u>.  First, the fact that Petitioner was granted asylum as opposed to withholding of removal under CAT is a distinction without a difference for present purposes—under either scenario, removal is not reasonably foreseeable.  Second, the fact that Petitioner has been in immigration detention for just over six months as opposed to fifteen months is irrelevant from a constitutional perspective.  At some point, immigration detention becomes unconstitutionally excessive.  The persuasive authority identifies that point as six months.  <u>See</u> <u>Zadvydas</u>, 533 U.S. at 682, 689, 699, 701 (reading an implicit six-month limitation on the length of an alien's detention into 8 U.S.C. § 1231(a)(6) in order "to avoid a serious constitutional threat").

The Court further rejects Respondents' argument that Petitioner failed to provide reason to believe there is no significant likelihood of removal in the reasonably foreseeable future.  First, Petitioner has been granted asylum, which provides a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.  <u>See</u> <u>Elzour v. Ashcroft</u>, 378

F.3d 1143, 1148 (10th Cir. 2004) ("An alien who has been granted asylum may not be deported or removed unless his or her asylum status is terminated.") (quoting 8 C.F.R. § 208.22).  Second, even if Respondents do not file a brief in their appeal of the Immigration Judge's Order, the Board of Immigration Appeals ("BIA") may review the record without briefing.  Sur-Resp. at 2.  Given the volume of appeals currently before the BIA, there is reason to believe that the BIA may not review Petitioner's case in the reasonably foreseeable future.

> As the Department of Justice recently stated, after the Attorney General reduced the BIA's size by nearly one half in early 2025, there has been an "unprecedented B[IA] caseload." Appellate Procedures for the Board of Immigration Appeals, 91 Fed. Reg. 5267, 5270 (Feb. 6, 2026). Indeed, "between fiscal year 2015 and the end of fiscal year 2025, the B[IA]'s pending case load increased more than five-fold— from 37,285 pending appeals to 202,946 pending appeals," leaving the BIA "at a point where, even were it to have additional resources and better management,...it would not be able to keep up with incoming filings while tackling the backlog in any meaningful way." Id. (citing Executive Office of Immigration Review ("EOIR"), Adjudication Statistics: All Appeals Filed, Completed, and Pending (Nov. 18, 2025), https://www.justice.gov/eoir/media/1344986/dl?inline [https://perma.cc/88C5-MU4N]). Thus, "the B[IA] largely functions now as simply a vessel for further delay of the eventual resolution of [a noncitizen's] case." Id. at 5271.

Segura Serrano v. Scott, __ F. Supp. 3d __, 2026 WL 1469639, at *3 (W.D. Wash. 2026).  Third, even if the BIA reviews Petitioner's case in the reasonably foreseeable future, Respondents concede that it could remand to the Immigration Judge for further proceedings as to whether Petitioner is entitled to withholding of removal under CAT, which would result in Petitioner's continued detention.  Sur-Resp. at 2.  Finally, the BIA could reverse the Immigration Judge's decision, which would likely result in Petitioner's appeal to the Tenth Circuit Court of Appeals, resulting in proceedings that could last years.  See Mardanpour, 2026 WL 963164, at *6.  For all of these reasons, the Court finds that there is no significant likelihood of Petitioner's removal in

the reasonably foreseeable future, and therefore Petitioner's prolonged detention is punitive and a violation of his Fifth Amendment substantive due process rights.  Id. at *3-8.

Upon finding a person is "in custody in violation of the Constitution or laws or treaties of the United States[,]" 28 U.S.C. § 2241(c), a district court may grant a writ of habeas corpus and "dispose of the matter as law and justice so require[,]" 28 U.S.C. §§ 2241(a), 2243.  The "typical remedy" for "unlawful executive detention" is release from custody.  Munaf v. Geren, 553 U.S. 674, 693 (2008); see also Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  The Court finds that to be the appropriate remedy in this case.

## IV.    Conclusion

Therefore, it is **HEREBY ORDERED** that:

1.    Petitioner Mohammad Rasoli's Petition for a Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2.    Respondents are **ORDERED** to immediately release Petitioner Mohammad Rasoli from custody/detention subject to reasonable conditions of release;

3.    Respondents **SHALL** return all of Petitioner's seized belongings to Petitioner;

4.    Respondents are **ENJOINED** from re-detaining Petitioner absent (1) evidence that Petitioner has committed a crime or absconded in his administrative immigration proceedings, or (2) a valid final order of removal and concrete travel plans to effectuate removal; and

9

5.      The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE